CHAS. H. BRONSON ET AL. *v.* MARIE E. S. RANSOM.

[Abstract Kentucky Law Reporter, Vol. 4—722.]

**Marshalling Securities.**

Where there are two funds and one creditor has a lien upon both, and another creditor upon only one of them, the former is required to satisfy his claims out of the fund upon which the other creditor has no lien; but this rule of marshalling securities does not apply as between creditor and debtor, but only between different creditors.

### APPEAL FROM KENTON CHANCERY COURT.

February 24, 1883.

OPINION BY JUDGE LEWIS:

In 1873 H. P. Ransom and his wife, M. P. Ransom, executed to Pendleton a mortgage on her real estate to secure the payment of six notes of $1,000 each, given by H. P. Ransom. Appellee subsequently became the owner of four of the notes, the other two having been paid off.

In February, 1879, H. P. Ransom, his first wife being dead, borrowed from appellee $1,000 and gave to her his note therefor. In March, 1879, they intermarried, having made an antenuptial contract. After the marriage, in July, 1879, he executed to her a mortgage upon his life estate in the real property left by his first wife to secure the payment of the note for $1,000.

This action was brought by appellee against her husband, H. P. Ransom, Grace Ransom, heir-at-law of M. P. Ransom, and her husband, C. H. Bronson, to subject the life estate so mortgaged to the payment of the debt for $1,000, and the interest in remainder of Grace Bronson to pay the debt of $4,000. The lower court adjudged that appellee has a lien upon the life estate of H. P. Ransom in the entire property for the debt of $1,000 and upon the property for the $4,000, and directed a sale accordingly. The master was also directed to ascertain and report the value of the life estate. The question whether or not the life estate money, by which we presume is meant the proceeds of the sale of it, after satisfying the debt for $1,000, can be applied to the other debt, is reserved.

The general demurrer to each paragraph of the answer of C. H. Bronson was sustained. Grace Bronson, having been only constructively summoned, did not answer. As the demurrer to the

answer involves the sufficiency of the petition, and the correctness of the judgment is also presented, it is not now necessary to decide as to the sufficiency of the answer.

The chancellor seems in rendering the judgment to have been governed by the rule as to marshalling securities, which does not apply as between creditor and debtor, but between different creditors; as when one has a lien upon the funds and the other upon only one of them the former is required to satisfy his claims out of the fund upon which the other has no lien. 1 Jones on Mortgages (1st ed.) § 875; 1 Story's Equity Jur. (11th ed.) § 640. The contention here is between appellee, the creditor, and the heir-at-law of one of the debtors, not between appellee and another creditor of the same debtor, and the rule is therefore not applicable.

It does not make any difference that appellee is the owner of both debts and the holder of both liens; for while, if both debts were against her husband only, she might probably elect to satisfy the one last created out of his life estate, she can not make such election to the prejudice of the heir-at-law of M. P. Ransom, who was dead before the second debt was created. When H. P. Ransom executed the second mortgage his life estate was incumbered by the first mortgage executed to secure the payment of a debt that he was alone liable for. But it is alleged in the petition and not denied that the six notes were given for money borrowed and used in paying for the property.

In our opinion, therefore, as the record stands, the property, including the life estate of H. P. Ransom, or enough of it for such purpose, should be sold to pay the first mortgage debt, and if there is any left his life estate in such residue, and no more, may be sold to pay the second mortgage debt.

The judgment must be *reversed* and cause remanded for further proceedings consistent with this opinion.

*Stevenson, O'Hara & Bryan, for appellants.*
*Whittaker & Caudron, for appellee.*